IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

FULLSTEAM PERSONNEL LLC,    )
    )
    Plaintiff,    )
    )
v.    )    CASE NO. 3:26-cv-382-ECM
    )    [WO]
ASHLEY E. KELM,    )
    )
    Defendant.    )

**O R D E R**

On May 15, 2026, the Defendant removed this action. (Doc. 1).  This case concerns the Defendant's alleged violation of a confidentiality agreement the parties purportedly executed on September 12, 2024. (Doc. 1-2 at 1, para. 1).  The Plaintiff alleges the Defendant "used her company email address to send [the Plaintiff]'s [p]roprietary [i]nformation to her personal email address." (*Id.* at 1, para. 2).  On April 8, 2026, the Plaintiff moved under Alabama Rule of Civil Procedure 65 for a temporary restraining order against the Defendant in state court. (Doc. 1-7 at 1).  That court set and later continued a hearing on the pending motions for a temporary restraining order and preliminary injunction to June 2, 2026. (*See* doc. 1-20 at 1; *see also* doc. 1-30 at 2).  This case was removed before that hearing could be held.

A temporary restraining order may issue only where the moving party demonstrates that (1) there is a substantial likelihood of success on the merits, (2) the temporary restraining order is necessary to prevent irreparable injury, (3) the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party,

and (4) the temporary restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (per curiam). Additionally, pursuant to Federal Rule of Civil Procedure 65, a temporary restraining order may issue without notice to the nonmoving party only if (1) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the nonmoving party can be heard and (2) the moving party certifies in writing the efforts it has made to notify the nonmoving party and the reasons notice should not be required. FED. R. CIV. P. 65(b)(1).

Because the motion for a temporary restraining order was filed more than a month ago in a different court, the Court questions whether the Plaintiff will suffer immediate and irreparable injury before the Defendant can be heard. This is especially true because the pending motion for a temporary restraining order was set for a hearing in state court to be considered along with the motion for a preliminary injunction. Thus, to the extent the motion for a temporary restraining order remains pending, the Court denies that motion (doc. 1-7) to give both parties an adequate opportunity to be heard.

Considering the procedural history of this case, the pending motion for a preliminary injunction, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's motion for a temporary restraining order (doc. 1-7) is DENIED.

2.      This matter is SET for a status conference on **May 20, 2026, at 2:00 p.m. CDT** by telephone conference call.  The parties shall be prepared to discuss the pending motions, the Court's jurisdiction, and all other aspects of the case.

3.      The parties are DIRECTED to contact Courtroom Deputy Cindy Sanders for the phone number and access code required to participate in the conference call.

4.      The Clerk of the Court is DIRECTED to provide a court reporter.

DONE this 15th day of May, 2026.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE