IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

FULLSTEAM PERSONNEL LLC,   )
                           )
      Plaintiff,           )
                           )
v.                         )        CASE NO. 3:26-cv-382-ECM
                           )                [WO]
ASHLEY E. KELM,            )
                           )
      Defendant.           )

**O R D E R**

Defendant is primarily represented by her father, Russell A. Kelm, who is practicing before the Court pro hac vice. (*See* doc. 10).  The Court is concerned with Mr. Kelm's behavior both in his public filings with the Court and in his private communications with Plaintiff's attorneys.[1]  For the reasons set forth below, Mr. Kelm is ordered to show cause in writing why he should not be sanctioned.

Pending before the Court is Plaintiff's motion to remand, (doc. 11), which Defendant opposes, (doc. 24).  Rather than constrain himself to the basis of the Court's jurisdiction over this matter, Mr. Kelm levied a number of troubling accusations against Plaintiff and its attorneys in Defendant's response.  First, he insinuated that two of Plaintiff's attorneys—who are identified by name in the response—violated various rules of professional conduct. (*Id.* at 14–15 (suggesting that one attorney violated Rule 3.4(a) of

---

[1] While Defendant has also retained local counsel, that attorney did not attend the Court's May 20, 2026 status conference, and he does not appear responsible for the concerning communications with Plaintiff's attorneys. (*See* doc. 25-1).

the Pennsylvania Rules of Professional Conduct and that another violated Rule 3.4 of the

Virginia Rules of Professional Conduct)).  Second—and more troubling still—he all but

accused Plaintiff and its attorneys of hacking into his computer.

> One final issue potentially shows the nature of what Fullsteam is willing to do to fight any lawsuit being filed against it by [D]efendant. Counsel for [D]efendant's retained computer technology consultants were investigating an unrelated attack on counsel's email server and just happened to run across other activity on his accounts. On April 28, 2026, which was 20 days after Fullsteam filed this lawsuit, counsel's computer experts reported to him in a written report of unusual activity on April 28 directly targeting Defendant's communications with his client. . . . In response to that report, it was forwarded on the same day in an email to opposing counsel, Richard Raleigh, and he was contacted by phone requesting him to determine whether the hacking was done by someone in his firm or by his client Fullsteam, which is a large computer software company[] . . . .

(*Id.* at 18).  Indeed, while Mr. Kelm claimed that he did "not know the veracity and

implications of the report," he also noted that "he has used" the experts who generated the

report "for decades" and that "[i]t is hard to imagine that anyone has an interest in what is

going on in this case other than the parties and lawyers," speculating that "it is quite

unlikely that this is a random event." (*Id.* at 18–19).  And, as a coda, he reported that "[o]ne

document was accessed from a Berlin IP address" and that "opposing counsel has

worldwide operations and cooperative firms in Berlin"; nevertheless, he assured the Court

that "there is no information as to whether any of their worldwide network of lawyers was

involved." (*Id.* at 19). [2]

---

[2] Mr. Kelm sent Mr. Raleigh a copy of Defendant's response before filing it with the Court. (*See* doc. 25-2; *see also* docs. 21, 23).  Understandably perturbed by the accusations it contained, Mr. Raleigh stated that

2

But in his private communications with Plaintiff's counsel, Mr. Kelm was less measured. On May 1, 2026, he emailed Mr. Raleigh the following.

> I received a report from my IT team that your office initiated a targeted attack on my email system looking for privileged communications relating to the lawsuit you filed against Ashley Kelm for Fullsteam Personnel LLC. Since hacking an attorney's email is a federal felony, I will report the hacking to the FBI and Columbus police department. The targeted attacks came from draftsrichard.raleigh@wbd-us.com. You need to stop this illegal activity and return all documents that were taken from my system. You should self-report this unethical conduct to the Alabama State Bar Disciplinary counsel and to your local counsel in Auburn[,] Alabama, and confirm to me that you have done so in order to avoid my needing to file an ethical complaint. I am attaching the summary report from my computer experts.

(Doc. 25-1 at 5). So, despite telling the Court that he did "not know the veracity and implications of the report," (doc. 24 at 18), he presented the allegations to opposing counsel as fact and, further still, represented that he had reported the purported criminal activity to federal and state law enforcement.

Mr. Kelm also appears to have made an affirmative misrepresentation to the Court. In Defendant's June 2, 2026 response, Mr. Kelm stated that Mr. Raleigh "vigorously denied that anyone on his side hacked opposing counsel's system, but . . . has not reported back on the results of the investigation that was requested of him more than a month ago." (*Id.*

---

the accusations were false and irrelevant to the issue at hand and accordingly requested that Mr. Kelm remove them before filing the response. (*See* doc. 25-2 at 2–3 ("We understand that Defendant has not yet filed Defendant's Remand Opposition and has instead moved for leave to file out of time. Should the Court grant leave for Defendant to file Defendant's [opposition] to Remand, Fullsteam and its counsel demand that Defendant first remove all unfounded allegations of hacking or other misconduct. If Defendant proceeds with filing Defendant's Remand Opposition in its current form without first curing these deficiencies, Fullsteam and its counsel will pursue all appropriate relief, including moving for sanctions under Rule 11 of the Federal Rules of Civil Procedure.")). Mr. Kelm did not heed that request.

at 18).  But Mr. Raleigh informed Mr. Kelm on May 5, 2026, that his firm's IT department had investigated the claims.

> I want you to know that, in response to your email of last week, I immediately had our IT department investigate.  I can confirm the following for you:  (i) there is no email mailbox or alias at Womble for draftsrichard.raleigh@wbd-us.com; (ii) no one from Womble sent the email you referenced from its servers. We suspect that your email was indeed compromised, but not by Womble. Bottom line, neither I nor anyone with my firm has hacked you. Unfortunately, as a result of your hack, I became a downstream target. Further, I've not engaged in any criminal activity. My unsolicited advice is that you have the correct facts before you make allegations, "report criminal activity", and ask someone to stop.  The allegations you made are false.

(Doc. 25-1 at 2; *see also* doc. 25-2 at 2 (Mr. Raleigh's email to Mr. Kelm, stating: "Because the hacking allegations are so far divorced from the jurisdictional issues at hand, it seems apparent that the false, inflammatory, and unsubstantiated hacking allegations in Defendant's Remand Opposition are set forth for the improper purpose of harassing and defaming Fullsteam and its counsel in violation of Rule 11 of the Federal Rules of Civil Procedure.")).

The Court shares Mr. Raleigh's concern that Mr. Kelm's conduct has run afoul of Rule 11. *See* FED. R. CIV. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.").  While Plaintiff has not expressly moved for Rule 11 sanctions, the Court is permitted to initiate Rule 11 proceedings sua sponte. *See* FED. R. CIV. P. 11(c)(3) ("On its own, the court may

4

order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").  Accordingly, for good cause, it is

ORDERED that **on or before July 22, 2026,** Mr. Kelm shall show cause in writing why he should not be sanctioned under Federal Rule of Civil Procedure 11(b).

DONE this 8th day of July, 2026.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE